**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,** | |
| Plaintiff, | |
| v. | **Civil Action No. 2:17-cv-00070-JRG-RSP** |
| **HTC AMERICA, INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

**HTC AMERICA, INC.'S MOTION TO DISMISS
PLAINTIFF DISPLAY TECHNOLOGIES, LLC'S COMPLAINT
FOR IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(B)(3)**

## I.      INTRODUCTION

On January 23, 2017, Plaintiff Display Technologies, LLC ("Plaintiff" or "DT") filed a

patent infringement complaint against Defendant HTC America, Inc. ("Defendant" or "HTC

America").  Dkt. No. 1.  The Complaint asserts a single patent against HTC America—

U.S. Patent No. 9,300,723 (the "'723 Patent").  *Id.*

On February 21, 2017, the Court granted an unopposed motion to extend the time for

HTC America to answer or otherwise respond to the Complaint to March 24, 2017.  On March

22, 2017, the Court granted an unopposed application to further extend the time for HTC

America to answer, move or otherwise respond to the Complaint to April 10, 2017.  HTC

America now files this motion under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C.

§ 1406(a) to dismiss the Complaint in its entirety for improper venue.

## II.     SUMMARY OF ARGUMENT

DT's Complaint alleges venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b).

Dkt. No. 1 ¶ 4.  However, those statutes properly construed, provide for venue in Texas only if a

defendant has a regular and established place of business in Texas, or is incorporated in the state.

Defendant does not meet either requirement.  HTC America is not incorporated in Texas.  Nor

does HTC America have a principal place of business in Texas.  DT's Complaint does not assert

any contradictory facts sufficient to establish proper venue in this District.  Accordingly, under

28 U.S.C. § 1406(a), this case should be dismissed.

Defendant recognizes the Federal Circuit addressed and rejected this argument in *In Re:*

*TC Heartland LLC*, 821 F.3d 1338 (Fed. Cir. 2016).  But the U.S. Supreme Court granted TC

Heartland's writ of certiorari challenging that ruling and held oral argument in the case on March

27, 2017.[1]  A decision by the Supreme Court is expected by the end of June 2017.  Defendant

---

[1] *See TC Heartland LLC v. Kraft Foods Group Brands LLC*, __ U.S. __, 137 S. Ct. 614 (Dec. 14, 2016) (No. 16-341).

accordingly moves to preserve its rights to obtain dismissal for improper venue pending a decision by the Supreme Court.

### III.     STATEMENT OF FACTS

DT filed its Complaint for patent infringement against HTC America on January 23, 2017.  Dkt. No. 1.  DT alleges HTC America is a Washington corporation with a principal place of business in Bellevue, Washington.  *Id*. ¶ 2.[2]

### IV.     ARGUMENT

#### A.     Venue is Improper in This District Under 28 U.S.C. § 1400(b).

Proper venue in a patent case is defined exclusively by 28 U.S.C. § 1400(b).  28 U.S.C. § 1400(b) provides two bases for proper venue in a patent case:  (1) venue is proper in a district where a defendant "resides;" and (2) venue is proper in a district where the defendant has a "regular and established place of business" and has "committed acts of infringement."  Because DT cannot demonstrate either prong, venue is improper in this District.

DT has not alleged and cannot prove the first prong of 28 U.S.C. § 1400(b).  HTC America does not "reside" in this District as the term is properly construed.  The Supreme Court has consistently defined corporate residence under Section 1400(b) as the place of incorporation only,[3] and HTC America is not incorporated here.  Neither can DT prove the second prong of Section 1400(b) because HTC America does not have a "regular and established place of business" in Texas.

---

[2] DT's allegation of HTC America's principal place of business is incorrect.  HTC America previously maintained its principal place of business in Bellevue, Washington, but moved its principal place of business to Seattle, Washington, prior to DT's filing of this action.  The change is of no consequence to the motion since neither location is in Texas.

[3] *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 707 n.2 (1972) (confirming section 1400(b)'s "resides" prong permits venue over a corporate defendant only in the district of incorporation:  "Petitioner does not 'reside' in Oregon, because the residence of a *corporation for purposes of § 1400(b) is its place of incorporation*.") (citing *Fourco Glass co. v. Transmirra Prods. Corp.*, 353 U.S. 222 (1957) (emphasis added)).

Indeed, DT's Complaint fails to allege that HTC America has any required connection to Texas.  Instead, it alleges non-Texas places of incorporation and principal places of business, specifically stating, on information and belief, the following:

- ". . . Defendant [("HTC America")] is a corporation organized and existing under the laws of the State of Washington with a principal place of business located at 13950 SE Eastgate Way, Suite 400, Bellevue, Washington 98005."  *Id*. ¶ 2. DT's Complaint, therefore, is facially insufficient to prove venue is appropriate for Defendant under Section 1400(b).  Nor could the Complaint be amended to properly allege venue in Texas because Defendant is not incorporated here and does not have an established place of business here.

**B.     28 U.S.C. Section 1391(c) Does Not Apply to Patent Cases to Change the Definition of "Reside" for Corporate Defendants.**

DT's Complaint nevertheless alleges venue is proper in Texas for HTC America, apparently applying the general-corporate venue provision found at 28 U.S.C. § 1391(c).  This provision, when applicable, makes venue proper in any District in which the corporation is subject to personal jurisdiction.

The Supreme Court has held for decades that Section 1391(c)'s general-corporate venue provision does not apply to patent cases.[4]  In fact, as recently as 2013 in *Atlantic Marine Construction Co., Inc. v. U.S. District Court for the Western District of Texas*,[5] the Supreme Court noted that Section 1391 applies only in cases where a more specific venue provision—

---

[4] *Fourco Glass Co. v. Transmirra Prods. Corp*., 353 U.S. 222, 229 (1957) ("We hold that 28 U.S.C. § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c) . . . .."); *Brunette Mach. Works, Ltd*., 406 U.S. at 713 ("[I]t is fair to say, as the Court did in *Stonite* and *Fourco*, that in 1897 Congress placed patent infringement cases in a class by themselves, outside the scope of general venue legislation."); *see also Stonite Prods. Co. v. Melvin Lloyd Co*., 315 U.S. 561, 565-66 (1947) ("The [Patent] Act of 1897 was adopted to define the exact jurisdiction of the federal courts in actions to enforce patent rights … . That purpose indicates that Congress did not intend the Act of 1897 to dovetail with the general provisions relating to the venue of civil suits, but rather that it alone should control venue in patent infringement proceedings.").
[5] __ U.S. __, 134 S. Ct. 568 (2013).

such as Section 1400—does not apply: "Section 1391 governs 'venue generally,' that is, in cases where a more specific venue provision does not apply. Cf., *e.g.*, § 1400 (identifying proper venue for copyright and patent suits)."[6]

DT's reliance on Section 1391(c) to establish venue under Section 1400(b) almost assuredly rests on the Federal Circuit's decision in *TC Heartland* that the 2011 amendments to 28 U.S.C. § 1391 did not nullify that Court's holding in *V.E. Holding Corp. v. Johnson Gas Appliance Co.*[7] *TC Heartland*, 821 F.3d at 1341.  In *V.E. Holding*, the Federal Circuit held a 1988 amendment to Section 1391, which added the phrase "[f]or purposes of venue under this chapter" to Section 1391(c)'s definition of corporate residence, brought patent cases within the general corporate venue provision of Section 1391.  The Federal Circuit acknowledged the Supreme Court's contrary pre-amendment interpretation of Section 1391(c), but viewed the amended language to be "exact and classic language of incorporation" that supplanted Supreme Court precedent.[8]  Accordingly, the Federal Circuit held Section 1391(c)'s definition of corporate residency redefined "resides" for the purposes of Section 1400(b).[9]

In *TC Heartland*, the Federal Circuit found the relevant 2011 amendments to the venue statute "minor" and actually broadened, not narrowed, the definition of corporate residence.  821 F.3d at 1341.  The Court also rejected the argument that the changes were intended to codify the Supreme Court's decision in *Fourco Glass*.  *TC Heartland*, 821 F.3d at 1343.

HTC America respectfully contends the Federal Circuit was incorrect in its holding in *TC Heartland* and awaits the decision of the Supreme Court to resolve the issue.

---

[6] __ U.S. __, 134 S. Ct. at 577 n.2.
[7] 917 F.2d 1574, 1578 (Fed. Cir. 1990), *cert. denied*, 499 U.S. 922 (1991).
[8] *Id*. at 1579.
[9] *Id*. at 1580.

    **C.**      **This Court Should Postpone Judgment on This Question Pending the Supreme Court Review of *TC Heartland*.**

The *TC Heartland* decision is currently before the U.S. Supreme Court on a grant of a petition for writ of certiorari.[10]  The Supreme Court heard oral argument on the matter on March 27, 2017.  A decision is expected by no later than the end of June 2017.  Thus, a definitive answer on the legal issue raised by this motion should be forthcoming.

In light of the pending Supreme Court review, this Court may wish to defer a ruling on this motion until after the Supreme Court issues its decision.  Should this Court so proceed, Defendant would gladly provide supplemental briefing following the Supreme Court decision, if it would please this Court.

## V.     CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant this motion to dismiss for improper venue.


Dated:  April 10, 2017                                  Respectfully submitted,


                                           */s/ Matthew C. Bernstein*
                                           Matthew C. Bernstein
                                           Lead Attorney
                                           CA State Bar No. 199240
                                           mbernstein@perkinscoie.com
                                           Perkins Coie LLP
                                           11988 El Camino Real, Suite 350
                                           San Diego, CA  92130-2594
                                           Telephone: (858) 720-5700
                                           Facsimile: (858) 720-5799

                                           *Attorneys for Defendant*
                                           *HTC America, Inc.*

---

[10] *See TC Heartland*, __ U.S. __, 137 S. Ct. 614.

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 10, 2017, a true and correct copy of the above document was served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3)(A).

*/s/ Matthew C. Bernstein*
Matthew C. Bernstein