# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

**DISPLAY TECHNOLOGIES, LLC,**

       Plaintiff,

v.

**HTC AMERICA, INC.,**

       Defendant.

Case No. 2:17-cv-00070-JRG-RSP

**JURY TRIAL DEMANDED**

## HTC AMERICA, INC.'S ANSWER AND DEFENSES TO DISPLAY TECHNOLOGIES, LLC'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant HTC America, Inc. ("Defendant" or "HTC America"), by and through its undersigned counsel, hereby answers to Display Technologies, LLC's ("Plaintiff" or "DT") Complaint for Patent Infringement ("Complaint") (Dkt. No. 1). Except as expressly admitted herein, HTC America denies all allegations of the Complaint.

## PARTIES

1. HTC America lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 1 of the Complaint and on that basis, therefore denies them.

2. HTC America admits it is Washington Corporation. HTC America denies the remaining allegations of paragraph 2.

## JURISDICTION AND VENUE

3. HTC America admits that the Complaint purports to bring an action for infringement arising under 35 U.S.C. §§ 271(a), 281, and 284 – 285, but HTC America denies it infringes any valid DT patent claim. HTC America admits that this Court has subject matter jurisdiction over this action.

4. HTC America denies that venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). HTC America admits that it has conducted and conducts limited business in the state of Texas, but any such limited business does not justify venue in this district. HTC America denies that it has infringed U.S. Patent No. 9,300,723 (the "'723 Patent") in this district, or any district of the United States.

5. For purposes of this Answer only, HTC America does not dispute the Court's personal jurisdiction over HTC America.

## COUNT ONE

**(Infringement of U.S. Patent No. 9,300,723 (the "'723 Patent"))**

6. HTC America lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 6 of the Complaint and on that basis, therefore denies them. HTC America admits that Exhibit A purports to be a copy of the '723 Patent.

7. HTC America lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 7 of the Complaint and on that basis, therefore denies them.

8. HTC America lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 8 of the Complaint and on that basis, therefore denies them.

9. HTC America admits that it has sold or is selling products known as HTC One (M8), HTC One (E8), HTC Bolt, and HTC 10 (collectively, the "Accused Products"). HTC America denies that any of these products infringe any valid claim of the '723 Patent. HTC America denies the remaining allegations of paragraph 9.

10. Denied.

11. HTC America lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 11 of the Complaint and on that basis, therefore denies them.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## PRAYER FOR RELIEF

HTC denies all allegations in Plaintiff's prayer for relief and denies that Plaintiff is entitled to any relief.

## DEMAND FOR JURY TRIAL

No response is required to DT's demand for a trial by jury, but HTC America hereby demands a trial by jury on all issues so triable, including without limitation HTC America's defenses.

## HTC AMERICA'S AFFIRMATIVE DEFENSES

A. HTC America incorporates by reference the foregoing paragraphs in their entirety and asserts the following affirmative and other defenses. By asserting these defenses, HTC America does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. HTC America reserves all other defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case.

### FIRST AFFIRMATIVE DEFENSE

B.     DT's Complaint was filed in the improper venue and should thus be dismissed.

### SECOND AFFIRMATIVE DEFENSE

C.     HTC America does not and has not infringed, literally or under the doctrine of equivalents, any valid and enforceable claim of the '723 Patent.

### THIRD AFFIRMATIVE DEFENSE

D.     Each of the asserted claims of the '723 Patent is invalid for failing to comply with one or more requirements of the Patent Laws of the United States, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

### FOURTH AFFIRMATIVE DEFENSE

E.     Each of the asserted claims of the '723 Patent fail to comply with 35 U.S.C. § 101 because each asserted claim is directed towards patent-ineligible subject matter such as abstract ideas without any inventive concept to transform the abstract ideas into patent eligible subject matter.

### FIFTH AFFIRMATIVE DEFENSE

F.     By reason of the prior art and/or statements and representations made to and by the U.S. Patent and Trademark Office during prosecution of the applications that led to the issuance of the '723 Patent and any related applications, the '723 Patent is so limited that none of the claims of the '723 Patent could be properly construed to cover any activity of HTC America.

### SIXTH AFFIRMATIVE DEFENSE

G.     DT's claim for damages is limited by 35 U.S.C. §§ 286 and/or 287.

## SEVENTH AFFIRMATIVE DEFENSE

H. DT's claims are barred, in whole or in part, by the equitable doctrines of estoppel and/or patent exhaustion.

## EIGHTH AFFIRMATIVE DEFENSE

I. DT's claims are unenforceable due to improper revival of an abandoned application that led to the issuance of the '723 Patent.

## RESERVATION OF RIGHTS

HTC America reserves the right to amend should it learn of additional information or defenses.

## DEMAND FOR JURY

HTC America hereby demands a trial by jury on all issues so triable.

Dated:  April 10, 2017

Respectfully submitted,

*/s/  Matthew C. Bernstein*
Matthew C. Bernstein
Lead Attorney
CA State Bar No. 199240
mbernstein@perkinscoie.com
Perkins Coie LLP
11988 El Camino Real, Suite 350
San Diego, CA  92130-2594
Telephone: (858) 720-5700
Facsimile: (858) 720-5799

*Attorney for Defendant*
*HTC America, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on April 10, 2017, a true and correct copy of the above document was served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3)(A).

/s/  *Matthew C. Bernstein*
Matthew C. Bernstein
